UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUMMER-ANNIE JOHNSON,

              Plaintiff,

-against-

RESORTS WORLD HUDSON VALLEY,

              Defendant.

25-CV-2210 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that her employer discriminated against her on the basis of a medical issue.[1] She sues Resorts World Hudson Valley. The Court construes the complaint as asserting claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, as well as claims under the New York State Human Rights Law. By order dated April 2, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed the complaint in this action without a signature. By order dated March 20, 2025, Chief Judge Laura Taylor Swain directed her to cure this deficiency, which she did on March 28, 2025.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction. In response to the question on the form asking which of her federal constitutional or federal statutory rights were violated, Plaintiff

2

writes, "Unfair Employment Practices regarding health accommodations/medical issue. Retaliation/Wrongful Termination." (ECF 1, at 2.)[2]

The following allegations are drawn from the complaint. Plaintiff was previously employed by Defendant Resorts World Hudson Valley, located in Newburgh, New York. She states that the events giving rise to her claims occurred on February 20, 2023. Plaintiff was told by Sarah Chatfield, an employee in the organization's human resources department, that she needed a doctor's note in order to wear a mask at work. Plaintiff provided a note from her doctor, but she "was constantly harassed by [her] superiors in the security department that they could not hear [her] over the radio and that [she] needed to take the mask off." (*Id.* at 5.) Plaintiff was "harass[ed]" to provide another doctor's note, which she did. (*Id.*) Her superiors responded "by us[ing] other methods to work to remove me from the job because I would not remove my mask." (*Id.*) Plaintiff's supervisors claimed that her "work performance was poor," that she called out sick, and that she "would not follow directions." (*Id.*) Plaintiff was also "written up" for accidentally taking a company radio home with her, which she promptly returned the next day. (*Id.*) One of the security managers asked Plaintiff to fill out a "survey" related to her employment, after which Plaintiff's employment was "mysteriously terminated." (*Id.*)

Plaintiff asserts that based on "mistreatment at the job by [her] superiors," she believes that she was retaliated against "for following the rules by bringing a doctor's note to continue wearing a mask," and for "doing a survey about how I feel I was treated on the job." (*Id.*)

In the section of the complaint form to describe her injuries, Plaintiff writes, "Acne Vulgaris." (*Id.* at 6.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise noted.

Plaintiff seeks $55,000 in damages.

## DISCUSSION

**A.     Discrimination claims under the ADA and Rehabilitation Act**

Title I of the ADA "prohibits employers from 'discriminat[ing] against a qualified individual *on the basis* of disability in regard to . . . the hiring, advancement, or discharge of employees.'" *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C. § 12112(a) (emphasis in original)). To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability.

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).

A person is disabled under the ADA if the person (1) has "a physical or mental impairment that substantially limits one or more major life activities," (2) has a history or record of a disability, or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). 12102(1)(C). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). An individual is "regarded as having such an impairment" if the individual shows that she "has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

4

The causation standard for employment discrimination claims brought under Title I of the ADA is a "but-for" standard; a plaintiff must allege but for her disability, the defendant would not have discriminated against her. *See Natofsky*, 921 F.3d at 347-50.

The Rehabilitation Act adopts the ADA's definition of "disability" by reference. *See* 29 U.S.C. § 705(20)(B). The pleading standard is largely the same for such a claim under the Rehabilitation Act, *see Davis*, 804 F.3d at 235; *Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995*)*; *Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208 (LGS), 2023 WL 2344731, at *4 (S.D.N.Y. Mar. 3, 2023) – even the "but for" causation requirement is the same for both types of actions, *Natofsky*, 921 F.3d at 345-49. With respect to claims of employment discrimination under the Rehabilitation Act, however, there is an additional requirement that the employer either be a federal executive agency, the United States Postal Service, or receive federal funding. *See Lyons*, 68 F.3d at 1514-15 (quoting 29 U.S.C. § 794(a)).

Here, Plaintiff does not allege facts suggesting that she has a disability as defined by the ADA or Rehabilitation Act. She alleges only that she had a doctor's note to wear a mask at work and that she suffers from acne. Plaintiff does not identify any "physical or mental impairment" or explain how any alleged impairment "substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Nor does she allege facts suggesting that she is "regarded as having such an impairment." § 12102(3)(A). Moreover, even if the Court assumes that Plaintiff has a disability or is regarded as having a disability, her allegations do not suggest that her employment was terminated or that she was otherwise subjected to an adverse employment action because of any such disability.

Because Plaintiff may be able to plead facts showing a violation of the ADA and Rehabilitation Act, the Court grants Plaintiff leave to replead her claims in an amended complaint that cures the deficiencies identified above.

**B.      Claims of retaliation under the ADA and Rehabilitation Act**

The Court construes Plaintiff's complaint as also asserting claims of retaliation under the ADA and the Rehabilitation Act. To state a claim of retaliation under either the ADA or the Rehabilitation Act, a plaintiff must show: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action."[3] *Natofsky*, 921 F.3d at 353 (internal quotation marks and citation omitted). "An employee can satisfy the protected activity requirement even if 'h[er] condition was not a disability within the meaning of the ADA' so long as '[s]he can establish that [s]he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated' the ADA." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 170 (2d Cir. 2024) (quoting *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999) (internal quotation marks and citations omitted)).

To demonstrate a causal connection, a plaintiff must allege facts showing "that 'but for' the protected activity, the adverse action would not have been taken." *Id.* Such a causal connection may be shown either "(1) indirectly, by showing that the protected activity was

---

[3] As with a claim of discrimination brought under the Rehabilitation Act, with respect to a claim of retaliation under that statute, the plaintiff must also show that the defendant is either a federal executive agency, the United States Postal Service, or receives federal funding. *Daly v. Westchester Cnty. Bd. of Legislators*, No. 19-CV-4642 (PMH), 2023 WL 4896801, at *4, 7-8 (S.D.N.Y. Aug. 1, 2023), *aff'd*, No. 23-1220-cv, 2024 WL 3264125 (2d Cir. July 2, 2024) (summary order).

followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff alleges that she was retaliated against because she got a doctor's note to continue wearing a mask at work. Even if the Court assumes that Plaintiff's doctor's note was protected activity in the form of a request for a reasonable accommodation, her allegations do not suggest that her request to wear a mask is a "but for" cause of her termination. She does not allege facts suggesting retaliatory animus and it is unclear from the complaint how closely in time her termination followed her request to wear mask. Indeed, she appears to allege that she was "mysteriously terminated soon after" she responded to a "survey," the details of which Plaintiff does not describe. (ECF 1, at 5.) The Court therefore dismisses Plaintiff's claims for retaliation under the ADA and Rehabilitation Act for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint alleging facts to state a viable claim that Defendant retaliated against her in violation of the ADA and Rehabilitation Act.

**C.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

7

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims for discrimination and retaliation under the ADA and Rehabilitation Act, the Court grants Plaintiff 30 days' leave to amend her complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 16, 2025
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.